## Ferguson License

*W. Allen Dill,* for Commonwealth.

*Michael Halliday,* for petitioner.

ACKER, J., July 14, 1971.—This matter comes before this court upon a petition for appeal from an order of the Secretary of Transportation suspending the operator's license of Stephen M. Ferguson for a period of three months. The basic contention is that petitioner's license could be revoked only for 30 days under the point system. An evidentiary hearing was held from which the following facts are concluded as offered by stipulation at that hearing.

### FINDINGS OF FACT

1. Petitioner, Stephen M. Ferguson, is an individual having been born on September 26, 1952, residing at 514 Spring Street, Jamestown, Pa.

2. On September 20, 1970, at about 11:50 p.m., petitioner was operating his motor vehicle on the Hadley Road and was arrested by Officer James R. Rector traveling 65 m.p.h. in a 40 m.p.h. zone.

3. Petitioner was operating on a junior license.

4. That petitioner was charged before District Mag-

istrate Brown of the Greenville, Mercer County, area and a conviction information report was submitted to the department showing that defendant pled guilty on October 16, 1970, and paid a fine of $10 and costs of $5.

5. That petitioner was duly notified of a three-months' suspension effective May 13, 1971, which reads, inter alia, "As a result of your conviction on 10-16-70 of violating Section 1002B8 65/40 your operating privileges are being suspended by this Bureau."

The sole issue raised in this case by defendant is that the secretary does not have the authority to withhold his driving privileges longer than that permitted under the point system merely because he was operating under a junior license. The Commonwealth does not dispute that 30 days is the maximum period that petitioner's license could be withheld under the point system for operating 25 miles per hour over the lawfully posted speed. It does contend, however, that the Commonwealth has the right through the secretary to withhold for a longer period than provided by the point system if in the discretion of the secretary this is required because the person was operating under a junior license.

This court in Commonwealth v. William Francis, at September term, 1969, no. 132, affirmed the contention that the secretary does have the power to restrict operating privileges for violation incurred while the operator was driving while under a junior license even though he may have subsequently been granted a senior license. We there concluded, "Certainly if the Legislature had intended to restrict the power of the Secretary to a period prior to the operator's eighteenth birthday, it could have done so. Failing so to do, by necessary implication in order to give the Secretary

power to control such operators, it must be granted to extend beyond the operator's eighteenth birthday. The power of supervision survives passage of a junior operator's eighteenth birthday."

The exact argument advanced in this case was dismissed in Seiders License, 51 D. & C. 2d 16 (1970), Court of Common Pleas of Franklin County, by Keller, J. There, petitioner had been operating on a junior license and received a suspension for four months following his conviction for driving at a rate of 90 m.p.h. in a 65 m.p.h. speed zone. It was contended that the secretary was bound by the point system. It is noted in that opinion the Superior Court in a footnote to Angelicchio Motor Vehicle Operator License Case, 213 Pa. Superior Ct. 409 (1968), acknowledged the right of the Secretary of Revenue to order a suspension in a junior operator's license case rather than assign points.

Likewise in Price License, 51 D. & C. 2d 65 (1970), the argument here advanced was dismissed. It concluded, page 66: "Section 619.1 of the code, 75 PS §691.1, establishing the point system, in our opinion, does not limit the power of the Secretary of Revenue relative to junior licenses. This conclusion is in accordance with Angelicchio Motor Vehicle Operator License Case, 213 Pa. Superior Ct. 409; Toth License, 47 D. & C. 2d 299; Commonwealth v. Senft, 82 York 43; and Commonwealth v. Daub, 12 Lebanon 127."

We hold the secretary was authorized by law to make such a suspension.

So holding, the suspension of the secretary is sustained and the prayer of the petition denied.

## ORDER

And now, July 14, 1971, it is hereby ordered that the

suspension of the Secretary of Transportation of the operating privileges of Stephen M. Ferguson for a period of three months is sustained and the prayer of the petition of Stephen M. Ferguson is denied.